# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | | |
|---|---|---|
| Glenn Pernell, | ) | |
| | ) | Civil Action No. 0:14-cv-04101-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, Perry Corr. Inst., | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, appearing *pro se*, brought this action seeking relief pursuant to 28 U.S.C. § 2254 (2012). This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 52) recommending that Respondent's Motion for Summary Judgment (ECF No. 32) be granted and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) be dismissed without an evidentiary hearing. Petitioner filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 57.) For the reasons set forth below, the court **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 32) and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1).

## I.     JURISDICTION

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254 (2012), which provides that a federal district court has jurisdiction to entertain a § 2254 petition when the petitioner is in custody of a state court in violation of the Constitution, laws, or treaties of the United States.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The Report contains a thorough recitation of the relevant factual and procedural background of the matter. (*See* ECF No. 52 at 1–5.) The court concludes upon its own careful

review of the record that the Report's factual and procedural summation is accurate, and the court adopts this summary as its own.

### III.     LEGAL STANDARD

A. *The Magistrate Judge's Report and Recommendation*

The Report is made in accordance with 28 U.S.C. § 636(b)(1) (2012) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The court reviews de novo only those portions of a Magistrate Judge's recommendation to which specific objections are filed. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). She reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Id*. The court may accept, reject, or modify—in whole or in part—the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

B. *Relief under 28 U.S.C. § 2254*

The Antiterrorism and Effective Death Penalty Act of 1996, as codified in 28 U.S.C. § 2254, governs Petitioner's federal habeas claims. Petitioners seeking relief pursuant to § 2254 usually must exhaust all available state court remedies before seeking relief in federal court. § 2254(b). Federal courts may not thereafter grant habeas corpus relief unless the underlying state adjudication comports with § 2254(d), which provides:

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was *contrary to, or involved an unreasonable application of, clearly established Federal law*, as determined by the Supreme Court of the United States; or (2) *resulted in a*

> *decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.*

§ 2254(d) (emphasis added).

A state court's decision is contrary to "clearly established federal law" when it "applies a rule that contradicts the governing law set forth" by the United States Supreme Court or confronts facts essentially indistinguishable from a prior Supreme Court decision and "nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). In contrast, a state court's decision involves an "unreasonable application" of "clearly established" federal law 1) "if the state court identifies the correct governing legal rule from this [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or 2) "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407.

In line with *Williams*, the Fourth Circuit has noted that an "unreasonable application" is not necessarily an "incorrect application" of federal law, explaining that "an incorrect application of federal law is not, in all instances, objectively unreasonable." *Humphries v. Ozmint*, 397 F.3d 206, 216 (4th Cir. 2005) (citing *Williams*, 529 U.S. at 413). Thus, to grant a habeas petition, a federal court must determine that the state courts' adjudication of a petitioner's claims was "not only incorrect, but that it was objectively unreasonable." *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004).

In making this determination, a federal court's habeas review focuses on the state court decision that already addressed the claims, not "the petitioner's free-standing claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997), *appeal dismissed*, 139 F.3d 891 (4th Cir. 1998). And a Petitioner who brings a habeas petition in federal court must

3

rebut facts relied upon by the state court with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." (citing 28 U.S.C. § 2254(e)(1))).

### C. Motion for Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the non-moving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

D. *Procedural Bar of Claims for Federal Review*

Federal courts are generally precluded from considering constitutional claims that have been bypassed on procedural grounds in earlier state proceedings. *Smith v. Murray*, 477 U.S. 527, 533 (1986). For a federal court to be justified in ignoring a state procedural bar, one is required to show 1) cause for his failure to raise the claim in the state courts, and 2) actual prejudice resulting from the failure. *See id.* (quoting *Wainwright v. Sykes*, 433 U.S. at 84 (1977)); *see also Reed v. Ross*, 468 U.S. 1, 10–11 (1984) (noting that state procedural bars promote "the finality of [judicial] decisions"). Alternatively, a petitioner can demonstrate that a federal court's failure to consider the claims, regardless of their procedural bar, would result in a "fundamental miscarriage of justice." *Engle v. Isaac*, 456 U.S. 107, 135 (1982) ("[W]e are confident that victims of a fundamental miscarriage of justice will meet the cause-and-prejudice standard." (citing *Wainwright* 433 U.S. at 91)).

Furthermore, attorney error does not qualify as such "cause" under this analysis unless it also can be shown that the error qualifies as "ineffective assistance of counsel" in violation of the Sixth Amendment. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A defendant demonstrates ineffective assistance of counsel when he shows not only that counsel's performance was deficient under an objective reasonableness standard, but also that this deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). Lastly, under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), there are limited exceptions under which ineffective assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315. To demonstrate cause under *Martinez*, a Petitioner must demonstrate: (1) that his PCR counsel was ineffective under Strickland and (2) that "the underlying ineffective-assistance-of-trial-counsel

claim is a substantial one." *Id.* at 1318. In other words, Petitioner would need to show that his PCR counsel's errors were "objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." *Sexton v. Cozner*, 679 F.3d 1150, 1157, 1159 (9th Cir. 2012) (summarizing the *Martinez* test).

## IV.     ANALYSIS

*A. Report and Recommendation Summary*

The Report addresses the following of Petitioner's habeas allegations, quoted verbatim:

**Ground Two:** **(A)** Trial Counsel erred in failing to strongly encourage Petitioner to accept the State's fourteen year plea offer because the state's evidence was overwhelming and where a fourteen year sentence would have been less harsh than the aggregate fiftyyear prison sentence handed down by the trial judge in the case[.]
**(B)** Counsel was ineffective for failing to move to suppress the evidence (drugs) found in the vehicle[.]
**(C)** Counsel was ineffective for failing to object to the Trial Court's erroneous Allen instruction to the jury that had a serious and injurious [e]ffect on the jury's verdict. (Pet., ECF No. 1.) Pernell also raised the following additional issues in his Amended Petition for a writ of habeas corpus:

**Ground Three:** **(A)** The state trial and appellate court denied petitioner his Fourteenth Amendment right to a fair trial when the trial court allowed the jury to be subjected to [all] the evidence from a prior unadjudicated offense for which petitioner was not on trial for. This error unduly prejudiced petitioner, as it resulted in a spill-over of prejudice.
**(B)** Petitioner was denied the effective assistance of appellate counsel when appellate counsel objected on one ground during trial and then argued a different ground on direct appeal.
**(C)** The state PCR court erred in failing to find counsel rendered ineffective assistance of counsel regarding the distribution charge.
**(D) (1).** The consecutive sentences handed down by the trial court are disproportionate to other sentences for same conduct.
**(2).** Trial counsel was ineffective for failing to object to the consecutive sentences handed down by the trial court as the product of prejudice, partiality, disproportionate and cruel and unusual punishment compared to other sentences for same conduct.
**(3).** Was counsel ineffective for failing to object to the consecutive sentences handed down by the trial court, since the offenses were

> the product of a continuous course of conduct, and should have been considered as one offense for sentencing purposes.

(Am. Pet., ECF No. 15) (errors and omissions in original).

In considering these allegations, the Magistrate Judge appropriately evaluated the state court's application of *Strickland v. Washington*, 466 U.S. 668 (1984) to Petitioner's claim of ineffective assistance of trial counsel in support of Grounds 2(a), 2(b), and 3(c) of his habeas petition. (ECF No. 52 at 12–20, 25.) Under *Strickland*, Petitioner needed to have shown not only that counsel's performance was deficient under an objective reasonableness standard, but also that this deficiency prejudiced his defense. *Strickland*, 466 U.S. at 668, 687, 694.

Citing relevant portions of the record below, the Magistrate Judge concluded that the state court reasonably concluded that Petitioner's claims failed under *Strickland*—that is, the state court's application of *Strickland*, as clearly established federal law, was not objectively unreasonable under § 2254(d) such that Petitioner's habeas petition should be granted. (ECF No. 52 at 11–13, 25.) Petitioner furthermore failed to show that the state's court's rejection of his claim resulted in a decision that was based on an unreasonable determination of the facts under § 2254(d). *Id.*

The Magistrate Judge further held that Grounds 2(c) and 3(d) were procedurally defaulted. (*Id.* at 13–24, 25–31.) The Magistrate Judge further explained that Petitioner could not rely on *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012) to overcome the procedural default because Petitioner failed to fulfill *Martinez*'s requirements to overcome such a procedural bar. (*Id.* at 16, 25–31.)

As for Petitioner's Ground 3(a) and 3(b) claims, the Magistrate Judge concluded that "[t]o the extent [Petitioner]'s Ground Three challenges state evidentiary rulings, federal habeas relief is not available" and that Petitioner's arguments therein did not go to "constitutional error,"

7

such that federal habeas relief should be available. (*Id.* at 24–25 (citing relevant caselaw and portions from the record).) Finally, the Magistrate Judge addressed Ground 3(c) of Petitioner's habeas claim and concluded that it was "without merit" because Petitioner could not "demonstrate that the PCR court unreasonably misapplied clearly established federal law . . . in rejecting his claim of ineffective assistance of counsel or that the PCR court made objectively unreasonable factual findings." (*Id.* at 25.)

B. *The Court's Review of Petitioner's Objections*

Petitioner first asserts that the Magistrate Judge "unreasonably applies the *Martinez* exception" to his Ground 2(c) claim. (ECF No. 57 at 2.) Petitioner specifically cites *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) for the claim that he was required to meet "only four requirements to overcome a procedural default under *Martinez*" and that he, in fact, met those requirements. (*Id.* at 3.) This objection fails, however, because the Magistrate Judge *did* consider these requirements, (*see* ECF No. 52 at 15–16 (citing *Trevino*, 133 S. Ct. at 1919)), and soundly explained how Petitioner had failed to fulfill this standard after applying it to the facts here. (*Id.* at 22.) The Magistrate Judge explicitly concluded with regard to Ground 2(c) of Petitioner's habeas petition: "[Petitioner]'s attorney was not unreasonable in failing to object to the *Allen* instruction, so [Petitioner] cannot show that this was a substantial claim [under *Martinez*] that PCR counsel unreasonably failed to raise. Accordingly, he cannot show cause [under *Martinez*] to excuse the procedural default; thus, the claim is barred from review." (*Id.*)

Petitioner nonetheless claims as another explicit objection that the dispute with the *Allen* charge,[1] the basis of his Ground 2(c) habeas claim, does qualify as a "substantial claim" under

---

[1] The court adopts the Magistrate Judge's summary of this standard: "An Allen instruction is a jury instruction that a trial judge may issue to a deadlocked jury in order to encourage the jury to reach a unanimous verdict. *See Allen v. United States*, 164 U.S. 492, 501–02 (1896). The Allen

the *Martinez* requirements. (ECF No. 57 at 4 (pointing out that his claim of ineffective assistance of counsel for failing to object to the *Allen* charge has 'some merit').) Relatedly, Petitioner argues, as another specific objective, that the Magistrate Judge was incorrect to find that the "trial court did not render a coercive *Allen* charge." (*Id.* at 6–7.) Petitioner provides no new argument that the Magistrate Judge did not consider its ruling; instead, Petitioner argues that the "error complained of here" qualifies as 'structural' under *Arizona v. Fulminante*, 499 U.S. 279 (1991), such that habeas relief is warranted. (*Id.* at 7–8).

In response, this court first notes that the issue before it, here, is not whether the *Allen* charge was, in fact, coercive, but rather, per Petitioner's habeas petition grounds, whether the PCR counsel was ineffective under *Strickland* for not objecting to the *Allen* charge as such. For the same reasons that the Magistrate Judge already explained,[2] this court finds that the PCR counsel was not ineffective under the *Strickland* analysis for not objecting to the *Allen* charge.

---

instruction is generally used 'to inform jurors that there is no reason to believe another jury would be better able to decide the case, that it is important that a unanimous verdict be reached, and that jurors should consider the opinions of jurors who favor a different result.' *United States v. Rosado*, 452 F. App'x 255, 256 (4th Cir. 2011). The Supreme Court of the United States has continued to affirm the constitutionality of the use of Allen instructions, unless "in its context and under all the circumstances the judge's statement" had a coercive effect on the jury. *Jenkins v. United States*, 380 U.S. 445, 446 (1965).

[2] On this issue, the Magistrate Judge concluded: "The Allen instruction given to Pernell's jury stated that it was permissible for the jury to disagree and the court did not command the jury reach an agreement. The record indicates that the court did not know the numerical division of the jury. Reviewed in its totality, the charge shows that the court encouraged all jurors, not just those who ended up in the minority, to reexamine their views, and instructed jurors not to surrender their individual conviction just because of another juror. Reading the February 28 and March 1 instructions as a whole shows no indication of coercion. Consequently, Pernell's attorney was not unreasonable in failing to object to the Allen instruction . . . ." (ECF No. 52 at 22.)

This court therefore finds no need to address Petitioner's argument of whether the error he complains of is "structural" such that habeas relief is appropriate.[3]

In response to the Magistrate Judge's determinations regarding Petitioner's Grounds 3(a), 3(b), and 3(c) habeas petition claims, Petitioner appears to re-assert the same arguments he did before the Magistrate Judge and argues that the Magistrate Judge "erred in not granting relief on this issue."  (ECF No. 57 at 9.)  He adds to his claims a declaration that "[t]he Founders would not have allowed unchallenged evidence from a previous offense be admitted in a later offense to prove the truth of the matter asserted."  (*Id.*)  In light of Petitioner's general objections, this court finds that Petitioner's Ground 3(a), 3(b), and 3(c) habeas petition claims fail for all of the reasons the Magistrate Judge already identified.  (*See* ECF No. 52 at 22–25.)

In response to the Magistrate Judge's determinations regarding Ground 3(d) of his habeas petition, Petitioner states that he "will not re-argue, but will contend the Magistrate's findings here is debateable."  (ECF No. 57 at 9.)  Upon careful review of the record, this court does not agree and accepts the Magistrate Judge's findings and supporting rationale that the Ground 3(d) claims of his habeas petition were procedurally barred.  (*See* ECF No. 52 at 25–30.)

Finally, Petitioner concludes that the Magistrate Judge "failed to make an independent factual finding" on 1) "[his] argument regarding the statutory scheme of S.C. Code Ann. § 17-25-50" and 2) his argument "concerning the Judge's direct comments regarding personal feelings towards petitioner, in front of the jury and right before handing down the aggregate sentence."

---

[3] Further underscoring the insufficiency of his arguments, Petitioner fails, in any event, to offer the "clear and convincing evidence" necessary under 28 U.S.C. § 2254(e)(1) to overcome the presumption of correctness of the state court's same findings on collateral review.  Indeed, even with such evidence, it remains difficult for a federal court to establish that a state court's application of *Strickland* was unreasonable under § 2254(d); when both *Strickland* and § 2254(d) apply, as in this case, federal review is "doubly" deferential.  *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

(ECF No. 47 at 10.) To these arguments, this court highlights that any further independent factual finding the Magistrate Judge could have provided for Petitioner's ineffective assistance of counsel arguments was unnecessary since she appropriately found that his claim was procedurally barred. (*See* ECF No. 52 at 28–30.) And to Petitioner's very last objection, neither the Magistrate Judge nor this court has identified any "constitutional error" to make necessary any consideration of Petitioner's argument that the Magistrate Judge "failed to assess the prejudicial impact of the constitutional error under the substantial and injurious affect standard." (*Id.* at 10 (citing *Frye v. Pliler*, 127 S. Ct. 2321, 2328 (2007).)

## V. CONCLUSION

For the reasons set forth above, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 52). It is therefore **ORDERED** that Respondent's Motion for Summary Judgment (ECF No. 32) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** without an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

252 F.3d 676, 683 (4th Cir. 2001).  In this case, Petitioner has not met the legal standard for the issuance of a certificate of appealability.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 4, 2016
Columbia, South Carolina

12